UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB REA'SHAW HERNDON, *et al.*,  )
                                    )
      Plaintiffs,              )
                                    )
        v.                         )      Civil Action No.  1:21-cv-01119 (UNA)
                                    )
                                    )
STATE OF TEXAS, *et al.*,       )
                                    )
      Defendants.            )

**FILED**
MAY 26 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiffs' *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiffs' application for leave to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff Herndon appears to be currently domiciled in Texas, though he only provides a P.O. Box address, and at times contends that he is a citizen of California. As a preliminary matter, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." D.C. Local Civil Rule ("LCvR") 5.1(c)(1). He attempts to bring this suit on behalf of himself and his business, Ja'crea Evolved Studios and Management, LLC, which appears to be legally registered in Texas. However, as to the latter, an entity may generally only appear as a party in the federal courts "through licensed counsel." *See Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194 (1993)); *see also Am. Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984) (internal

1

quotation marks and citations omitted) (same); *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006) (same).  His business must thus be dismissed as a plaintiff.

He attaches two form complaints as one, in contravention of Federal Rule 10 and D.C. LCvR 5.1(d) and (e), though it appears that the allegations may partially arise out of the same nucleus of facts.  He sues: the State of Texas, a Judge of the United States District Court for the Southern District of Texas, the Harris County (Texas) District Attorney's Office, the Harris County Sherriff's Department, the Harris County Public Defender's Office, and the Texas Metropolitan Transit Authority.

Apparently, Herndon received some sort of a traffic ticket, and he alleges that during its issuance, he was mistreated, and his due process rights were somehow violated.  He contends that he should not have received this ticket because he is a "paying consumer" and because he is an active litigant in cases before various state and federal courts in Texas.  He alleges that the issuance of the ticket is somehow tantamount to interference with his other court proceedings.  He also alleges, without any further detail, that unnamed individuals "failed to follow proper protocol" and "tampered" in his civil lawsuits by "false entry upon government records."  He demands 20 million dollars in damages, and additional percentages of "legal revenue."  Plaintiff fails to articulate adequately the deprivation of a protected right.  "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a due process violation." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir.

2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C.), *aff'd sub nom. Cooper v. D.C.*, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Even if these claims were pleaded with additional clarity, any connection between this matter and these parties to this District is entirely unclear, and similarly, the ability of this court to exercise personal jurisdiction over these defendants is equally uncertain. *See International Shoe Co. v Washington*, 326 U.S. 310 (1945). And the ability of this court, or any court, to exercise subject matter jurisdiction over damages claims, as presented, against these particularly defendant, is doubtful, at best. For these reasons, the case will be dismissed. A separate order accompanies this memorandum opinion.

Dated: 5/26/2021

TREVOR N. McFADDEN
United States District Judge